O’Neall, J.
The questions to be decided, arise between the co-defendants, Mr. Heath, and Hunt and wife. To a clear perception and a just decision of them, a summary of the facts may be useful. -Mrs. Heath and Mrs. Hunt are the widow and one of the children of Frederick Heath, who, among other things, by his will, directed the annual profits: of his estate to be put to interest as a fund for the education of his' children; and the will directs, “Avhen the children c.ome of lawful age or marry, my will and desire is, that each may draw an equal portion of said money, to be laid out for them for such purposes the most advantageous, as my said executrix and executor deem the most proper and expedient for their use.” The executrix, Jnriah Heath, managed the estate with-great prudence, and realized large annual profits. Instead, however, of paying it out to the children as they came of age, or ^married, r^-irwshe loaned out the whole sum amongst them, and the defendant, L : William G. Hunt, borrowed a part of it, which with the interest noAv amounts, it is said, to near $3000, greatly exceeding Mrs. Hunt’s share of this fund. i
Since the death of the testator, two of his children-and devisees, Wade: and Mary, have died without issue : in such an event, the testator’s will'-' directs that' their parts of his estate should fall into the residuum, which is bequeathed to his widow and executrix, Juriah, for life, and at her death to be equally divided among his surviving children. In this case ' Mrs. Heath has surrendered her life estate in the parts of the said Wade and Mary, which are iioav therefore divisible among the testator’s children.
It is contended on the part of Mrs. Heath, that she is entitled to deduct and retain Mrs. Hunt’s share of the annual profits of the estate, out ‘ of Mr. Hunt’s debt to her for money loaned out of the said fund ; and ' that, for the balance of his debt, she is entitled to a lien on Mrs. Hunt’s share of the parts of Wade and Mary, now divisible. Mrs. Hunt ' opposes these claims, and sets up her equity- to have a suitable provision' made for her and her children, out of this her estate. Her husband, William G. Hunt, it seems, is entirely insolvent.
The case will be considered, first, as to Mrs. Hunt’s share of the annual , profits of the estate; and second, as to her share of Wade and Mary’s parts. Before, however, taking up the separate consideration of each of . these parts of the case, it Avill be well to state some general principles alike applicable to both.
*86 There is no doubt, when the wife has a perfect legal estate in goods and chattels, whether it be in severalty, joint tenancy, in common or in coparcenery, it will vest in the husband jure mariti; but if her interest be a mere chose in action at law, or a mere equity, as where money and other property is in the hands of an executor or a trustee for the use of a feme covert, the husband has no legal right until he reduces them into possession. If he can do this without the aid of a Court of Equity, he will hold them discharged of the rights of his wife; but, if by the decree of the Court of Equity, he is to obtain possession, the wife’s equity to have a suitable provision made for her and her children, will be supported and enforced.
Fkst The question as to the application of Mrs. Hunt’s share of the annual profits of the estate to the extinguishment of the *debt for ' 4 money loaned to Hunt by Mrs. Heath, will depend upon the fact, .whether, when she advanced the money to Hunt, she intended it as a payment. For there can be no doubt that Mrs. Hunt, who is understood to have been of full age before her marriage with Mr. Hunt, could at any time have -claimed the payment of her share before her marriage; and after that -event she and her husband were entitled to receive it at any time when they thought proper to demand it. If the husband alone had received -it, it would have been such a reduction into possession as would hkve bar,red her equity. This part of the case may therefore have a different -result from that which remains tó be considered, if it should appear on the reference that the money loaned to Hunt was intended to be for his wife’s share of this fund. In that event the Commissioner will ascertain the amount due Mrs. Hunt when her husband received the money, and apply her share to the amount then received. But if it appears that the money advanced was not intended for his wife’s share, but was a mere loan for interest, then the question will arise, whether the wife’s equity can be made liable for the debt of the husband ; which will depend upon and be decided by the view which shall be taken of the second part of this case.
Second. Can the share of Mrs. Hunt of the parts of Wade and Mary, be declared liable to the payment of any sum advanced by Mrs. Heath to William Gr. Hunt, out of the profits of the estate? I think not. This is an equitable chose in action, not reducible, into possession by Mr. Hunt at the time he received the money from Mrs. Heath. This precludes the possibility that a payment was then intended. But he could not at any time have reduced it into possession, until by the decree of this Court it is made available; for it was a mere expectancy in remainder among several joint tenants after the death of Mrs. Heath, until she surrendered in this case her life estate, and the Court decreed partition, To permit such an interest to be made liable for the husband’s debt would defeat the wife’s equity. For, whether he be solvent or insolvent, the same result would follow ; his debt would be no provision for the wife. But in equity, he must, whether he be plaintiff or defendant, if he receive his wife’s portion *by the decree of the Court, make an adequate settlement upon her. If the wife’s portion is to be regarded as paid to him in his own debt, he might, if solvent, be compelled to settle the same sum; but if he was insolvent he could not do this, and the wife would be left unprovided for. But the Court would never suffer the wife’s fortune to be applied to the husband’s debt, only where *87 it could regard Mm as a purchaser of it by a previous or a present adequate settlement.
The eases which I have looked into, it seems to me, sustain these views, except the last, which is, I think, a necesary deduction from the preceding.
In Howard and wife v. Moffatt, 2 John. C. R. 206, which was the case of husband and wife, suing for the money of the wife in the hands of her brother, and which she had requested should not be paid over to her husband, the Chancellor said, “ the general rule is, that where the aid of the Court is requisite to enable the husband to take possession of the wife’s property, he must do what is equitable by making a reasonable provision out of it for her maintenance and that of her children, and without that, the aid of the Court will not be afforded him.” If Hunt could not receive his wife’s fortune without making a settlement, it would seem to follow that Mrs. Heath, who can' have no greater rights than he has, must at least consent to and make an adequate settlement before she could claim to have it made liable to her debt.
In Kenny v. Udal & Kenny, 5 John. C. R. 464, which was a bill against the husband and the assignee of husband and wife (when an infant) of the wife’s equity: the Chancellor held, that the assignment was null and void. In that case, at page 413, he said, “ It is now understood to be settled, that the wife’s equity attaches upon her personal property when it is subject to the jurisdiction of the Court and is the object of the suit, into whosesoever hands it may have come, or in whatever manner it may have been transferred.” In Haviland v. Myers, 6 John. C. R. 21, the Chancellor said, “the wife’s equity, to a suitable provision for the maintenance of herself and children, out of her separate real and personal estate descended or devised to her during coverture, is well established, and would prevail equally against the husband or his assignee, or any sale made 'or lien created by him, even for valuable consideration, or in payment of a just debt; and whether the suit in protection of that equity be instituted by the wife, or by any *other r^i aij person on her behalf.” These, authorities are too clear to admit k of a doubt that the wife’s fortune cannot jure mariti, be decreed in equity to be paid to the husband, his assignee or creditor, until a suitable provision has been made for the wife and her children. In this State, in Durr v. Bowyer, 2 M’C. Ch. R. 312, the same principles were acknowledged and supported. In that case, my brother Johnson, speaking of the wife’s equity, and after having ruled that the Court will not suffer it to be removed out of the jurisdiction until provision is made, says: “the same protection is afforded to the wife in opposition to others claiming through the husband, whether their claims arise by operation of law, as in cases of bankruptcy or insolvency, or under the voluntary assignment of the husband for a valuable consideration.”
In this case, Mrs. Heath claims under Hunt, and as his creditor; but she has not as high claims as she would have were she his assignee by operation of law, or by his own deed. How can it be pretended that she is entitled to make the wife’s fortune liable to a claim against the husband, unaccompanied by even his consent to such a course, when it is clear that even his assignment could not prevail against her rights ?
*88 In Thomas v. Sheppard,.2 M’C. Ch. B.. 36, the Court, upon principles and for reasons which are to my mind clearly erroneous, refused to set up the wife’s equity, yet recognized and acknowledged the rules which I have already stated.
From these views, it is clear that the share of Mrs. Hunt, of the parts of Wade and Mary, is not, and cannot be made, liable to the payment of any sum advanced by Mrs. Heath to Wm. G-. Hunt, out of the annual profits of the estate.
The Chancellor’s decree, directing a settlement of this part of Mrs. Hunt’s equity, and referring it to the Commissioner to report the proper trusts for a settlement thereof, is affirmed. It is also ordered and decreed, that the Commissioner inquire and report whether the executrix, Mrs. Heath, intended, and Mr. Hunt accepted the money loaned to him, as an indirect payment of Mrs. Hunt’s share of the annual profits of the estate; if so, that her share be applied in extinguishment of the sum so advanced at the time advanced ; but if not, that he report the proper trusts of a settlement of her share of the annual profits.
Butler, J., (sitting for Harper, J., who was absent) concurred.
Johnson, J., dissented.